## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LINCOLN NATIONAL COI LITIGATION | Case No.: 2:16-cv-6605 |
| IN RE: LINCOLN NATIONAL 2017 COI RATE LITIGATION | Case No.: 2:17-cv-04150 |

## PRELIMINARY APPROVAL ORDER

**AND NOW**, this 14th day of June 2023, upon consideration of Plaintiffs' Unopposed Motion for Consolidation of Actions for Settlement Purposes Only, Preliminary Certification of Settlement Class and Appointment of Class Counsel, Preliminary Approval of Proposed Class Settlement, Scheduling of Fairness Hearing and Approval of Class Notice filed March 24, 2023 (the "Motion"), it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.      The request to consolidate the two above-captioned Actions for settlement purposes only is **GRANTED** in the interests of judicial economy and efficiency.

2.      Upon review of the record, the Court finds that the Joint Stipulation and Settlement Agreement (the "Settlement Agreement") between the Plaintiffs and the Defendants Lincoln National Corporation and The Lincoln National Life Insurance

Company (collectively "Lincoln") attached as Exhibit 1 to the Motion was arrived at by

arm's length mediation and negotiations by highly experienced counsel, will likely be

finally approved, and is hereby **PRELIMINARILY APPROVED**, subject to further

consideration at the Fairness Hearing provided for below. Unless otherwise defined, all

terms used herein have the same meaning as set forth in the Settlement Agreement.

3.    The Court will likely be able to certify the Settlement Class, defined

below, and certification is therefore **PRELIMINARILY GRANTED**, subject to

further consideration at the Fairness Hearing.  The Settlement Class means all

Owners of:

> Any JP Legend 300, JP Lifewriter Legend 100, 200, and 400 series, JP
> Legend 3000, LifeSight 30, LifeSight 31, LifeSight 32, JP UL 101, JP UL
> 102, JP UL 103, JP UL 130, JP UL 131, and Vision 20 life insurance
> policy subjected to an increase in the cost of insurance rates as
> announced by Lincoln in 2016 or 2017, excluding the Excluded Policies.[1]

Excluded from the Settlement Class are or will be:

(a)    all Owners of Class Policies who submit a valid Opt-Out Request,
but solely with respect to the Class Policy that is the subject of
the Opt-Out Request;

(b)    the Honorable Gerald J. Pappert, United States District Court
Judge of the Eastern District of Pennsylvania (or other Circuit,
District, or Magistrate Judge presiding over the Actions) and
court personnel employed in Judge Pappert's (or such other
judge's) chambers or courtroom;

(c)    Lincoln and its affiliates, parents, subsidiaries, successors,
predecessors, and any entity in which Lincoln has a controlling
interest;

(d)    any officer or director of Lincoln identified in the Form 10-K
Annual Report of either Lincoln National Corporation or The
Lincoln National Life Insurance Company, filed with the United

---

[1]    Policies excluded from the Settlement Class are identified with particularity on a
spreadsheet attached to the Settlement Agreement as Exhibit B.

States Securities and Exchange Commission for the fiscal year ended December 31, 2021;

(e)     those Owners of Class Policies who have commenced a lawsuit challenging the COI Increases through an individual action and served Lincoln with the complaint or other operative pleading in the lawsuit prior to the conclusion of the Opt-Out/Objection Period, but solely with respect to the Class Policy that is the subject of such aforementioned lawsuit; and

(f)     the legal representatives, successors, or assigns of any of the individuals or entities described in (a) through (e), but only in their capacity as legal representative, successor, or assignee.

The Court further appoints Barrack, Rodos & Bacine; Bonnett Fairbourn Friedman & Balint, PC; Susman Godfrey L.L.P.; The Moskowitz Law Firm, PLLC; and Girard Sharp LLP as Class Counsel for the Settlement Class.

4.     The following Plaintiffs will likely be appointed as class representatives for the Settlement Class: Robert Rombro and Harriet Kanter, as Trustees for the Alan Norman Kanter Trust; Ivan Mindlin, as Trustee of the Mindlin Irrevocable Trust, and Alan Mindlin, as the insured who funded the policy; Richard Weinstein, as an owner of a life insurance policy insuring the life of Jay Weinstein; Lowell Rauch and Carol Anne Rauch; Bharti R. Bharwani; Robert A. Zirinsky; US Life 1 Renditefonds GmbH & Co. Kg and US Life 2 Renditefonds GmbH & Co. Kg, as owners of life insurance policies insuring the life of Loucille Martindale; Milgrim Investments, LP; Barbara Valentine; Patricia A. Trinchero, as Trustee of the Trinchero 2015 Revocable Trust; Marshall Lewis Tutor; Arthur M. Kesselhaut; and Warren M. Stanton as Trustees of the Kesselhaut Trust Agreement dated August 24, 1989; William Lin Patterson; and Barry Mukamal, as Trustee of the Mutual Benefits Keep Policy Trust.

5.      To allow the parties and the Court sufficient time to comply with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), a hearing on final settlement approval ("Fairness Hearing") shall be held before this Court at least 100 days[2] following issuance of this Order.  The Fairness Hearing will be held on October 4, 2023, at 10:00 a.m., Eastern, in the courtroom 11-A, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 10106.  At the Fairness Hearing, the Court will consider, *inter alia,* (i) the fairness, reasonableness, and adequacy of the Settlement Agreement; (ii) whether the Court should certify the proposed Settlement Class for purposes of settlement; (iii) whether a Final Judgment and Order terminating the Actions should be entered in the form submitted by the Parties; (iv) whether the Court should approve the Plaintiffs' proposed plan of allocation; (v) whether the Court should grant an award of attorneys' fees and reimbursement of expenses to Class Counsel, and the amounts thereof; and (vi) whether the Court should grant service awards to Plaintiffs, and the amounts thereof. The Fairness Hearing may be rescheduled or continued; in that event, the Court will furnish all counsel with appropriate notice. The Court may approve the Settlement Agreement with only such material modifications (if any) as may be agreed to in a writing signed by all parties to the Settlement, if appropriate, without further notice to the Settlement Class.

6.      The form of Class Notice to the Settlement Class submitted to the Court

---

[2]      CAFA requires that Defendants serve notice of the proposed settlement on certain officials within 10 days of the filing of this Proposed Order, and that the Court not issue an order finally approving the settlement until 90 days after service of such notice.

and attached to the Motion as Exhibit 2 satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, is otherwise fair and reasonable, and is thus **APPROVED** for dissemination to the Class.

7.      The proposed manner of disseminating the Class Notice is also **APPROVED**. Class Counsel, through the Settlement Administrator, shall commence mailing the Class Notice within 21 days after the Court enters this Order. Class Counsel shall cause proof of mailing on the Settlement Class to be filed no fewer than 7 days of the Fairness Hearing.

8.      The retention of JND Legal Administration to perform the duties of the Settlement Administrator as specified in the Settlement Agreement is **APPROVED**, including in respect to issuance of the Class Notice. All expenses incurred by JND Legal Administration must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

9.      Defendants shall serve notices of the proposed Settlement upon the appropriate officials as defined by, and in compliance with, the requirements CAFA.

10.     A member of the Settlement Class may object to the Settlement Agreement by filing a written objection with the Court no fewer than 45 days prior to the Fairness Hearing.  The objection must contain:  (1) the full name, address, telephone number, and email address, if any, of the Settlement Class Member; (2) Class Policy number; (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a list of all persons who will be called to testify in support of the objection (if any); (6) a statement of

whether the Settlement Class Member intends to appear at the Fairness Hearing; (7) the signature of the Settlement Class Member or his/her/their counsel; and (8) a list of any objections by the Settlement Class Member and/or counsel in any class action settlements submitted to any state or federal court in the United States in the previous five years.  If an objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Settlement Class Member who will appear at the Fairness Hearing.  Settlement Class Members who do not timely make their objections as provided in this paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

11.     All Final Settlement Class Members shall be bound by the Settlement, if granted final approval by the Court, and all determinations and judgments in the Actions, whether favorable or unfavorable. The opt-out procedure and requirements for excluding oneself from the Final Settlement Class, as set forth in the Class Notice, is **APPROVED**.  The Opt-Out/Objection Period shall expire 45 days before the Fairness Hearing.  Class Counsel shall, through the Settlement Administrator, file with the Court a list of all valid Settlement Class Members who have submitted Opt-Out Requests no fewer than 7 days before the Fairness Hearing.

12.     Class Counsel must file any papers in support of an application for service awards, Class Counsel's attorneys' fees, and reimbursement of litigation expenses no fewer than 60 days before the Fairness Hearing. All other briefs and materials relevant to the final approval of the Settlement and entry of the final judgment proposed by the Parties to the Settlement must be filed with the Court and

served on any objectors no fewer than 30 days prior to the Fairness Hearing.

13.    All proceedings in the Actions now consolidated for settlement purposes are hereby **STAYED** until such time as the Court renders a final decision regarding the approval of the Settlement Agreement and, if it approves the Settlement Agreement, enters a final judgment as and in the form provided in the Settlement Agreement and dismisses the Actions with prejudice.

14.    In event the Settlement Agreement is terminated or otherwise does not become final for any reason whatsoever, then the Actions will resume their *status quo ante* consistent with the terms of the Settlement Agreement, without prejudice to the rights of the settling Parties.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.